# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0648
Lower Tribunal No. 2024-CJ-002029
_____

J.G.N.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
William D. Sites, Judge.

August 14, 2026

PRATT, J.

In this appeal arising from a juvenile delinquency proceeding, Appellant does not challenge the vast majority of the trial court's order of probation. Instead, Appellant solely argues that the trial court erred in imposing condition 6 of Appellant's probation. The issue is preserved. *See* Fla. R. Juv. P. 8.135(b)(2). The State concedes error, but we are not bound by the State's concession. *See Brannon v. State*, 396 So. 3d 420, 422 n.1 (Fla. 6th DCA 2024) (citing *I.R. v. State*, 395 So.

3d 567, 568 (Fla. 6th DCA 2024)). For the reasons explained below, we affirm in part and reverse in part.

Following an adjudicatory hearing, the trial court found Appellant had committed battery on a law enforcement officer ("BOLEO") in violation of section 784.07, Florida Statutes. Subsequently, the trial court issued a probation order withholding adjudication and placing Appellant on four years of probation. Condition 6 of Appellant's probation contains two conditions: (a) do not associate with anyone designated by the juvenile probation officer or a parent/guardian and (b) do not associate with anyone under supervision of the Department of Juvenile Justice ("DJJ") or the Department of Corrections ("DOC"). Both conditions constitute special conditions of probation, as neither is specifically authorized by the applicable statute—section 985.35, Florida Statutes—or enumerated as a general condition of juvenile probation in the applicable rule of procedure that implements various provisions of chapter 985, including section 985.35. *See Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007) (explaining that general conditions of probation "are contained within the Florida Statutes" whereas special conditions of probation "are those not specifically authorized by statute" (citations omitted)). *See generally* § 985.35, Fla. Stat.; Fla. R. Juv. P. Form 8.947; *S.M. v. State*, 422 So. 3d 1188, 1191 (Fla. 6th DCA 2025) (explaining that "the language of [section 985.35] is . . . broad"

2

and that form 8.947 "provides . . . guidance by identifying . . . general conditions of juvenile probation").

"Courts are not restricted to imposing general conditions; they can also impose any special condition necessary to implement the rehabilitation plan as long as it meets the standard articulated in *Biller v. State*, 618 So. 2d 734, 734-35 (Fla. 1993)." *S.M.*, 422 So. 3d at 1191. *See generally, e.g.*, § 985.03(41), Fla. Stat. ("'Probation' means the legal status of probation *created by law and court order* in cases involving a child who has been found to have committed a delinquent act. Probation is *an individualized program* in which *the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to the child's home in lieu of commitment to the custody of the department*. Youth on probation may be assessed and classified for placement in day-treatment probation programs designed for youth who represent a minimum risk to themselves and public safety and do not require placement and services in a residential setting." (emphasis added)); § 985.35(4)(a), Fla. Stat. (granting trial courts broad discretion to withhold adjudication of delinquency, place child on probation, and determine appropriate probation conditions: "If the court finds that the child named in the petition has committed a delinquent act or violation of law, *it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency*. . . . Upon withholding adjudication of delinquency, *the court may*

3

*place the child in a probation program* under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court. *The court may, as a condition of the program, impose as a penalty component* restitution in money or in kind, community service, a curfew, urine monitoring, revocation or suspension of the driver license of the child, *or other nonresidential punishment appropriate to the offense, and may impose as a rehabilitative component* a requirement of participation in substance abuse treatment, or school or other educational program attendance." (emphasis added)). In *Biller*, the Florida Supreme Court "held that a special condition of probation 'is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.'" *Villanueva v. State*, 200 So. 3d 47, 50 (Fla. 2016) (quoting *Biller*, 618 So. 2d at 734-35). "In other words, a [special] condition [of probation] is valid if it satisfies one of the following *Biller* factors: (1) has a relationship to the crime for which the offender was convicted, (2) relates to conduct that is criminal in nature, or (3) requires or forbids conduct that is reasonably related to future criminality." *Id.* at 53. *Biller* only applies to special conditions of probation; it does not apply to general conditions of probation. *See Biller*, 618 So. 2d at 735 n.1 ("There are many general conditions imposed upon most, if not all, probationers which are broadly directed toward supervision and

4

rehabilitation. The requirements of *Rodriguez v. State*, 378 So. 2d 7 (Fla. 2d DCA 1979), [which we have approved herein,] are not applicable to these conditions."). In general, the primary purpose of "probation" is "rehabilitation rather than punishment." *Lawson*, 969 So. 2d at 229 (citation omitted).

Turning to condition 6(a), we agree with Appellant that this special condition of probation—i.e., the condition prohibiting Appellant from associating with anyone designated by the juvenile probation officer or a parent/guardian ("designated persons")—is invalid because it fails to satisfy at least one of the three factors established in *Biller*. The condition has no apparent relationship to the crime of BOLEO, as association with designated persons in the abstract is unrelated to BOLEO generally or the BOLEO committed by Appellant. The condition does not relate to conduct that is criminal in nature, as it is not a crime for a person convicted of the crime of BOLEO to associate with designated persons. And the condition does not require or forbid conduct that is reasonably related to future criminality, as we fail to see how prohibiting a person convicted of the crime of BOLEO from associating with designated persons—without the condition including at least some specificity regarding the class or classes of persons that fall within the ambit of designated persons—is *reasonably related* to future criminality.[1]

---

[1] Because we agree with Appellant that condition 6(a) does not satisfy any of the *Biller* factors, we need not address Appellant's other arguments pertaining to condition 6(a).

5

Turning to condition 6(b), we disagree with Appellant that this special condition of probation—i.e., the condition prohibiting Appellant from associating with anyone under supervision of DJJ or DOC—is invalid. Appellant raises several grounds of alleged invalidity: *Biller*, overbreadth, vagueness, and separation of powers. We take each in turn.

First, this condition meets the third *Biller* factor. Prohibiting Appellant from associating with persons under supervision of DJJ or DOC forbids conduct that is reasonably related to future criminality because a reasonable trial court judge could conclude that allowing Appellant to associate with such persons—who are presumably under supervision for committing crimes or delinquent acts—would place Appellant at a greater risk of recidivism and thereby negatively impact the goal of Appellant's rehabilitation. *See* § 985.35(4)(a), Fla. Stat. (authorizing trial court to impose appropriate probation conditions, including "a rehabilitative component"); *see also Black's Law Dictionary* 1541 (12th ed. 2024) (defining the term "rehabilitation" in relevant part as "[t]he process of seeking to improve a criminal's [or a delinquent's] character and outlook so that he or she can function in society without committing other crimes [or delinquent acts]"); Rehabilitation, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/rehabilitation (last visited August 11, 2026) (defining "rehabilitation" in relevant part as "the action, process, or result of rehabilitating or

6

of being rehabilitated: such as . . . the process of restoring someone (such as a criminal [or a delinquent]) to a useful and constructive place in society"); *cf. Allen v. State*, 645 So. 2d 579, 580 (Fla. 2d DCA 1994) (special condition of probation prohibiting the appellant from associating with her co-defendant "for[bade] conduct which [was] reasonably related to prohibiting future criminality"). *See generally Johnson v. State*, 397 So. 3d 626, 639 (Fla. 2024) ("[Under the abuse of discretion standard,] discretion is abused [only] when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." (internal quotation marks and citations omitted)). A commonsense maxim—bad company tends to corrupt good character—is consistent with and further supports the trial court's decision to impose the condition. We conclude that forbidding Appellant from associating with persons under supervision of DJJ or DOC—while Appellant is on probation for BOLEO—forbids conduct that is *reasonably related* to future criminality.[2]

Second, Appellant's arguments as to overbreadth, vagueness, and separation of powers are insufficiently briefed and therefore waived. *See, e.g., Int. of S.S.*, 51

---

[2] Apparently, this condition used to be enumerated in form 8.947, presumably as a special condition. *See generally C.C.B. v. State*, 782 So. 2d 473, 477 (Fla. 4th DCA 2001). We recommend that the Florida Supreme Court consider amending form 8.947 to re-include this condition as an enumerated special condition.

Fla. L. Weekly D535, 2026 WL 784976, at *1 (Fla. 6th DCA Mar. 20, 2026) (holding that "issues [were] insufficiently briefed and therefore waived").[3] However, even assuming arguendo that Appellant did not waive these arguments, each would nevertheless fail on the merits.

As to overbreadth, the condition prohibiting Appellant from associating with anyone under supervision of DJJ or DOC is not overbroad because it satisfies *Biller* and because it is not an abuse of discretion. The primary purpose of *Biller* is to ensure that special conditions of probation are not overbroad. *See Biller*, 618 So. 2d at 734 (acknowledging that the three *Biller* factors enable a court to "determine[] whether a [special] condition of probation is reasonably related to rehabilitation" and therefore "valid" (quoting with approval *Rodriguez*, 378 So. 2d at 9)); *see also Rodriguez*, 378 So. 2d at 9 (creating the factors later adopted in *Biller* to address a probationer's arguments that certain special conditions of probation were "overly restrictive, overbroad and in violation of [the probationer's] fundamental

---

[3] Appellant cites the Fourth District's decision in *T.J.J. v. State*, 121 So. 3d 635 (Fla. 4th DCA 2013), and argues that it is "controlling" in this case—without acknowledging that the Sixth District Court of Appeal is not bound to follow a decision of a sister district court of appeal, without attempting to apply the *T.J.J.* court's reasoning regarding overbreadth and vagueness and separation of powers to condition 6(b), and without acknowledging that the special condition of probation examined by the court in *T.J.J.* is materially distinguishable from condition 6(b). Whatever the merits of *T.J.J.*, the condition at issue in *T.J.J.* prohibited a probationer from having "contact" with certain individuals whereas condition 6(b) prohibits Appellant from "associating" with certain individuals. *See generally id.* at 638-39.

constitutional rights"). *See generally Rigney v. State*, 692 So. 2d 962, 963 (Fla. 2d DCA 1997) (considering whether a special condition of probation was overbroad in light of *Biller*); *Stephens v. State*, 659 So. 2d 1303, 1303 (Fla. 1st DCA 1995) (same). And an abuse of discretion is one way that overbroad special conditions of probation may manifest. *See generally S.M.*, 422 So. 3d at 1192 (overbreadth analysis implicitly determining that trial court abused its discretion in imposing special condition of probation and *Biller* analysis relatedly determining that the condition "d[id] not pass any of the three *Biller* considerations").[4] We fail to see how condition 6(b) could be overbroad since Appellant has not shown it to violate *Biller* or to be an abuse of discretion.[5]

As to vagueness, the condition prohibiting Appellant from associating with anyone under supervision of DJJ or DOC is not vague because it "provide[s] reasonable individuals of common intelligence the basis to know and understand its meaning." *Demott v. State*, 194 So. 3d 335, 338 (Fla. 2016) (quoting *Lawson*, 969 So. 2d at 235). Vagueness matters because "due process [constitutionally] requires that 'the trial court and the probation order . . . adequately place the probationer on

---

[4] Although overbroad special conditions of probation may arise from an abuse of discretion, abuses of discretion are not limited to overbreadth.

[5] This appeal has nothing to do with constitutional overbreadth, a doctrine that applies in the First Amendment context. Nor does it have to do with a special condition of probation that violates statutory law. To be clear, Appellant offers no argument as to why condition 6(b) is overbroad aside from cursorily citing *T.J.J.*

9

notice of conduct that is both required and prohibited during the probationary period.'" *Demott*, 194 So. 3d at 338 (quoting *Lawson*, 969 So. 2d at 230); *see also Lawson*, 969 So. 2d at 230 ("The due process protection of adequate notice is not only found in the constitution, but also in the Florida Statutes." (citations omitted)). But the condition clearly is not vague because "a violation of probation must be willful and substantial in order to justify revocation" and "a knowledge component is implicit in the condition." *See Demott*, 194 So. 3d at 340. Thus Appellant is on adequate notice that the condition "implicit[ly]" contains "a knowledge component" and that Appellant cannot be in violation of the condition unless the State were to "prove by a preponderance of the evidence that [Appellant] willfully associated with" anyone under supervision of DJJ or DOC. *See id.* And since the concept of "association" was not vague in *Demott*, it surely cannot be vague here. *See id.* ("[P]rohibiting association with someone who is illegally using drugs is sufficient to apprise Demott of what conduct is prohibited."). Regardless, the prohibition against Appellant "associating" with anyone under supervision of DJJ or DOC has a commonly understood meaning that provides adequate notice to Appellant. *See, e.g., Holmes v. State*, 988 So. 2d 1252, 1254 (Fla. 5th DCA 2008) ("'Associate' is defined in Webster's New Collegiate Dictionary, p. 67 (1980 ed.) as follows: 'to join as a partner, friend or companion; to keep company with; to join or connect together; to bring together in any of various ways.'"); *see also id.* (explaining that "incidental

contact with a person or persons . . . does not establish an association with such person or persons").[6]

And finally, as to separation of powers, the condition prohibiting Appellant from associating with anyone under supervision of DJJ or DOC does not bear any of the hallmarks of a potential separation-of-powers violation. *See generally* art. II, § 3, Fla. Const. ("The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."); *Sloban v. Fla. Bd. of Pharmacy*, 982 So. 2d 26, 29 (Fla. 1st DCA 2008) ("The two fundamental prohibitions [of Florida's separation of powers] are that, first, no branch of government may encroach on another branch's power. The second is that no branch may delegate its constitutionally assigned powers to another branch." (citing *Chiles v. Child. A, B, C, D, E, & F*, 589 So. 2d 260, 264 (Fla. 1991))). For example, the condition does not encroach on another branch's power because it

---

[6] In *S.M.*, we determined that a condition of probation—i.e., that a probationer "not frequent any place where illegal drugs or alcohol are sold or distributed"— could be "violated innocently" because it lacked an express "knowledge" requirement. *S.M.*, 422 So. 3d at 1192. However, consistent with *Demott*, we "clarify this provision [contained an implicit knowledge requirement] to the effect that, just as any violation of probation must include the element of intent, there would have to be a showing that [the probationer] *knew* [they had frequented any place where illegal drugs or alcohol are sold or distributed] before [the probationer] could be found guilty of *knowingly* violating such a provision." *See In Int. of D.S.*, 652 So. 2d 892, 892-93 (Fla. 4th DCA 1995).

11

was properly imposed by a member of the judicial branch and it is properly enforced by a member of the executive branch. *See generally Kirk v. Baker*, 224 So. 2d 311, 318 (Fla. 1969) ("Due regard by the Executive and Judicial Branches of the powers and duties of the other in such instances will effectively preserve the power and authority of both."); *Sharrard v. State*, 998 So. 2d 1188, 1191 (Fla. 4th DCA 2009) ("[T]he judiciary is precluded from interfering with, much less usurping the proper authority of the executive. . . . The orders in question interfere with the discretion which the legislature granted to the probation supervisors . . . ." (citations and internal quotation marks omitted)); *Moore v. State*, 392 So. 2d 277, 278 (Fla. 5th DCA 1980) ("Without going into the basis of our government and a treatise on the theories and applications of the separation of powers, it is sufficient, hopefully, to say that the Legislature has the sole authority to determine what acts are criminal acts and what the penalties for crimes are to be. The legislative authority in the penalties area allows for the setting of maximums and minimums, both of confinement and probation, the limits and guidelines for parole, and the particular means and methods of execution of sentences. The courts have the sole province over the particular sentence to be given an individual, but only within the statutory authority given in the various sentencing statutes, and the executive has the duty to see that the sentences are enforced."). And the condition does not delegate one branch's power to another because it is a judicially-imposed condition that allows

12

for supervision by the executive branch without granting to Appellant's probation officer the nondelegable judicial power to create probation conditions. *See Larson v. State*, 572 So. 2d 1368, 1371 (Fla. 1991) ("[A] trial court [cannot] delegate to a probation officer the sole authority to revoke that defendant's probation, since this is a purely judicial function. However, reasonable delegations of incidental discretion are permissible if sufficiently circumscribed by the trial court. . . . For example, we believe this can include authority for a probation officer to supervise the counseling required of some defendants, so long as this discretion is to be used only for rehabilitative purposes and does not take on the character of an essentially judicial act."); *Carter v. State*, 975 So. 2d 1199, 1201 (Fla. 5th DCA 2008) ("The distinction between a permissible and impermissible delegation of authority lies with whether the probation officer is merely supervising a specific, judicially-ordered condition of probation (permissible) or whether the probation officer has been delegated the authority to impose what amounts to additional conditions of probation (impermissible)."); *J.J.S. v. State*, 465 So. 2d 621, 622 (Fla. 2d DCA 1985) (acknowledging the "principle" that "it [is] reversible error for [a] trial court to delegate a judicial responsibility to a probation supervisor"); *cf. C.B. v. State*, 117 So. 3d 806, 808 (Fla. 4th DCA 2013) ("[A] probation officer may give supervisory directions, which are necessary to carry out the conditions of probation. This authority stops short of permitting a probation officer to create a new condition of

13

the defendant's probation. The distinction between a supervisory direction and a new condition is that a supervisory direction simply effectuates the conditions already imposed by the court." (citations and internal quotation marks omitted)).

For the foregoing reasons, we reverse and remand for the limited purpose of the trial court striking condition 6(a) from the order of probation. We otherwise affirm the order of probation in its entirety, including condition 6(b).

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

TRAVER, C.J., and MIZE, J., concur.


Blair Allen, Public Defender, and Megan Banfield, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED